**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| | ) | |
| HERITAGE INTERNATIONAL | ) | Case No. 13–38553 |
| CHRISTIAN CHURCH, | ) | |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | |
| | ) | **Hearing Date: December 16, 2014** |
| | ) | **Hearing Time:  9:30 a.m.** |

**COVERSHEET FOR THIRD AND FINAL FEE APPLICATION OF RUDNICKI
& ASSOCIATES, LLC FOR ALLOWANCE OF FEES AND
REIMBURSEMENT OF COSTS AS FINANCIAL ADVISOR TO THE DEBTOR**

| | |
|---|---|
| Name of Applicant: | Rudnicki & Associates, LLC |
| Authorized to Provide Professional Services to: | Debtor-in-Possession |
| Date of Order Authorizing Employment: | October 23, 2013, retroactive to October 10, 2013 |
| Period for which Compensation and Reimbursement is Sought: | July 1, 2014 through September 30, 2014 |
| Total Amount of Fees Requested In Third and Final Application Hearing: | $3,186.00 |
| Amount of Expense Reimbursement Sought: | $0.00 |
| Final Fees Sought (10/10/13 through 9/30/14): | $15,824.00 |
| Final Expenses Sought (10/10/13 through 9/30/14): | $21.94 |
| Aggregate Amount of Fees and Expenses to be paid to Rudnicki & Associates in Chapter 11 Case | 15,845.94 |

Dated:   November 25, 2014

HERITAGE INTERNATIONAL CHRISTIAN
CHURCH, debtor and debtor in possession

By:___/s/ Michelle G. Novick_____.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | **Chapter 11 Case** |
| | ) | |
| **HERITAGE INTERNATIONAL** | ) | **Case No. 13–38553** |
| **CHRISTIAN CHURCH,** | ) | |
| | ) | **Hon. Janet S. Baer** |
| Debtor. | ) | |
| | ) | **Date: December 16, 2014** |
| | ) | **Time: 9:30 a.m.** |

**NOTICE OF MOTION**

To:    See Attached Service List

PLEASE TAKE NOTICE that on **Tuesday, December 16, 2014 at 9:30 a.m.** or as soon thereafter as counsel may be heard, the undersigned will appear before the Honorable Janet S. Baer, Bankruptcy Judge, or such other judge as may be sitting in her stead, in Courtroom 615, 219 South Dearborn Street, Chicago, Illinois and shall then and there present the attached **THIRD AND FINAL FEE APPLICATION OF RUDNICKI & ASSOCIATES, LLC FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTOR,** at which time and place you may appear as you see fit.


Dated: November 25, 2014                  Respectfully submitted,

                                          HERITAGE INTERNATIONAL CHRISTIAN
                                          CHURCH, debtor and debtor in possession


                                          By: /s/ Michelle G. Novick
                                              One of its Attorneys


Michael L. Gesas, Esq. (ARDC #06186924)
Michelle G. Novick, Esq. (ARDC #06207045)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Telephone: 312.876.7100
Facsimile: 312.876.0288

## CERTIFICATE OF SERVICE

  I, Michelle G. Novick, an attorney, certify that I caused a copy of the attached Notice of Motion and Motion to be served on the parties listed on the attached Service List, via regular mail, in addition to those parties receiving notification by participation in the Court's ECF system on November 25, 2014.

/s/  Michelle G. Novick

## SERVICE LIST

ADT Security Services
P.O. Box 371956
Pittsburgh, PA  15250-7956

AT&T
P.O. Box 5080
Carol Stream, IL  60197-5080

Business Machines Agents, Inc.
8170 S. Madison Street
Willowbrook, IL  60527-5854

CM Financial Corporation
P.O. Box 66020
Chicago, IL  60666-0020

City of Chicago
Department of Revenue
333 S. State St., Suite 540
Chicago, IL  60604-3951

ComEd Bill Payment Center
P.O. Box 6111
Carol Stream, IL  60197-6111

Comcast
P.O. Box 3002
Southeastern, PA  19398-3002

Cook County Treasurer
118 N. Clark St., Room 112
Chicago, IL  60602-1590

Direct Energy
P.O. Box 70220
Philadelphia, PA  19176-0220

Evangelical Christian Credit Union
c/o Paul Schmidhauser
955 W. Imperial Highway
P.O. Box 2400
Brea, CA  92822-2400

General Lock
P.O. Box 371967
Pittsburgh, PA  15250-7967

Guardian Insurance
P.O. Box 8012
Appleton, WI  54912-8012

Jeffrey M. Schwartz
Shawn M. Staples
Much Shelist
191 N. Wacker Dr., Ste. 1800
Chicago, IL  60606-1631

People's Gas Light & Coke Co.
P.O. Box 19100
Green Bay, WI  54307-9100

Pitney Bowes
P.O. Box 371874
Pittsburgh, PA  15250-7874

Tyco, LLC
P.O. Box 371967
Pittsburgh, PA  15250-7967

Heritage International Christian
  Church
5312 W. North Avenue
Chicago, IL  60639-4337

Patrick S. Layng
Office of the U.S. Trustee
Region 11
219 S. Dearborn, Room 873
Chicago, IL  60604-2027

City of Chicago-Dept. of Buildings
City Hall
121 N. LaSalle St.-Suite 501
Chicago, IL  60602

Church Mutual – Auto Insurance
P.O. Box 2912
Milwaukee, WI  53201

Church Mutual –
   Property Insurance
P.O. Box 2912
Milwaukee, WI  53201

Prudential Life
P.O. Box 41594
Philadelphia, PA  19176

Razor Planet, Inc.
330 SW 43rd Street, #K-153
Renton, WA  98057

Ira Childs
5316 West North Avenue
Chicago, IL  60639

Ringold Financial Management
850 S. Wabash – Suite 210
Chicago, IL  60605

Pitney Bowes / Purchase Power
P.O. Box 856042
Louisville, KY  40285-6042

Brad  Cummings
5318 W. North Avenue
Chicago, IL  60639

Lynn Lane and Henry Dixon
5308 W. North Avenue
Chicago, IL  60639

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| HERITAGE INTERNATIONAL | ) | Case No. 13–38553 |
| CHRISTIAN CHURCH, | ) | |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | |
| | ) | Date:  December 16, 2014 |
| | ) | Time:  9:30 a.m. |

**THIRD AND FINAL FEE APPLICATION OF RUDNICKI
& ASSOCIATES, LLC FOR ALLOWANCE OF FEES AND
REIMBURSEMENT OF COSTS AS FINANCIAL ADVISOR TO THE DEBTOR**

Rudnicki & Associates, LLC ("Rudnicki"), financial advisor to Heritage International Christian Church, debtor and debtor-in-possession (the "Debtor"), pursuant to sections 330 and 331 of title 11, United States Code (the "Bankruptcy Code"), Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Procedures"), Local Rule 5082-1 of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), applies to this Court for the entry of an order: (a) allowing Rudnicki final, aggregate compensation in the amount of $15,824.00 and final expenses in the amount of $21.94 for financial services rendered to the Debtor for the period from October 1, 2013 (date of retroactive employment) through September 30, 2014; and (b) authorizing and directing the Debtor to pay the final compensation, allowed in this third fee application, in the amount of $3,186.00 to Rudnicki upon entry of a court order approving same.  In support thereof, Rudnicki states respectfully as follows:

## A.    Background

1.    On September 30, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing this case (the "Chapter 11 Case"). The Debtor remains in possession of its property and continues to have the rights, powers and duties of a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case.

2.    Founded in 2003, the Debtor is a religious and spiritual organization offering church services for its members and providing educational and community outreach programs from its main worship location at 5312 W. North Ave in Chicago, Illinois.

3.    Led by Pastor Dwight Gunn ("Pastor Gunn"), the Debtor's Christian worship services today have a following of approximately 250 active adult members and 50 children. It is truly an international organization, with ministry partners in Kenya, South Africa, and India. In addition, the Debtor provides programs for Christian education, medical care, health awareness, economic development in the local community, hospice, addiction recovery and food distribution to the needy.

4.    The Debtor owns mixed use property at 5308, 5316 and 5318 W. North Avenue and the main sanctuary, chapel and fellowship hall located at 5312 and 5320-24 W. North Avenue (collectively, the "Property"). The Property is comprised of five buildings, located near the intersection of W. North Avenue and N. Lorel Avenue in Chicago, Cook County, Illinois.

5.    The Debtor's revenue is based largely upon rental income and donations provided from its parishioners.

6.      A default on an outstanding loan precipitated this bankruptcy filing.  The Debtor made payments timely to the Evangelical Christian Credit Union ("Credit Union") for a loan secured by the Property. Despite making all monthly payments under the loan documents, the Debtor was unable to make the final balloon payment on the loan to the Credit Union resulting in litigation in the Circuit Court of Cook County and a scheduled foreclosure sale for October 1, 2013 ("Foreclosure Sale").  The Chapter 11 Case was filed the day before the Foreclosure Sale.

7.      Since the Chapter 11 filing, the Debtor has employed Rudnicki as financial advisor and Ringold Financial Management Services, Inc. as its accounting professionals, which allowed the Debtor to organize and accurately input all accounting and financial information to make available to its creditors, including providing the Credit Union with all requested financial information.  Prior to the Chapter 11 Case, the Debtor was relying upon volunteers to input its financial data.

8.      Since the filing of the Chapter 11 Case, the Debtor has filed Bankruptcy Schedules and Statement of Financial Affairs, maintained its operating reports and has been able to timely pay its bills.

9.      On or about June 13, 2014, the Credit Union transferred its interest in the loan (the "Loan"), secured by the Property, to Greenwich Investors XLVI Trust 2013-1 (the "Purchaser").  The Loan is being serviced by PrinsBank located in Prinsburg, Minnesota.  On August 18, 2014, the Purchaser filed a claim in the Chapter 11 Case in the amount of $2,177,762.34.

10.     A remaining unsecured promissory note, which the Debtor executed with the Credit Union on February 15, 2010, was not sold to the Purchaser and there remains a debt due

3

and owing to the Credit Union. On August 20, 2014, the Credit Union filed a proof of claim asserting a general unsecured claim in the amount of $35,999.46.

11.     The Debtor reached an agreement with the Purchaser to modify the loan documents, settle the claims of the Purchaser and the Credit Union, the only two creditors in the Chapter 11 Case, and dismiss the Chapter 11 Case.

12.     In connection with negotiating the agreement, which is detailed in Debtor's Motion for Entry of an Order approving the proposed settlement with Greenwich Investors XLVI Trust 2013-1 and the Evangelical Christian Credit Union and dismissing the Debtor's Chapter 11 Case to be filed and heard simultaneously with this Fee Application, the Debtor worked with Rudnicki to formulate projections so that the Debtor could ultimately reach an agreement with the Purchaser or, alternatively, if necessary, draft a plan of reorganization to be filed with the Bankruptcy Court.

13.     The efforts of Rudnicki have allowed the Debtor to organize its books and records, provide financial information to the Debtor's creditors and formulate projections so that the Debtor could be able to reorganize its business and financial affairs, continue to serve its members and the local community, prevent foreclosure, and reach an agreement to modify the outstanding debt and preserve the church as a going concern.

### B.     Employment of Rudnicki & Associates, LLC

14.     On October 23, 2013, this Court entered an order authorizing the Debtor to retain and employ Rudnicki as financial advisor, *nunc pro tunc* to October 10, 2013 [Doc. No. 32].

15.     After the Petition Date, Rudnicki received a retainer from the Debtor. The amount of the retainer was $10,000.00. On March 10, 2014, Rudnicki obtained approval of its first interim fee application allowing interim compensation to Rudnicki in the amount of $4,708.40

and reimbursement of expenses in the amount of $21.94 [Doc. No. 57]. Rudnicki paid the allowed fees from the retainer. On August 25, 2014, the Bankruptcy Court entered a second order allowing interim compensation to Rudnicki in the amount of $7,929.60 [Docket No. 81], which was paid by the Debtor from the balance of the retainer and net operating income. Upon filing this third and final application for fees, Rudnicki is now requesting the remaining amount of $3,186.00 to be paid for its work for the period from July 1, 2014 through September 30, 2014. Rudnicki also received the amount of $21.94 in expenses during that same time period.

### C.    Final Fee Application

16.    This is Rudnicki's third and final fee application. By this application, Rudnicki seeks allowance of compensation in the amount of $3,186.00 for the period from July 1, 2014 through September 30, 2014. Rudnicki is not seeking any reimbursement of expenses in this Application, other than for approval of final expenses sought and received by Rudnicki previously. Rudnicki further requests that the Debtor be authorized and directed to pay Rudnicki the amount of $3,186.00 upon entry of this Order. Assuming all the fees requested will be allowed herein, Rudnicki will have received final, aggregate fees in the Chapter 11 Case for the period from October 10, 2013 through September 30, 2014 in the amount of $15,845.94.

### D.    Itemization and Categories of Services

17.    The professional services rendered by Rudnicki to the Debtor during the period from July 1, 2014 through September 30, 2014 are reflected on the billing statement, prepared by Rudnicki, which is attached hereto and incorporated herein as **Exhibit A.** The billing statement sets forth the name of each professional rendering a service, the amount of time expended rendering each service, the date on which the service was rendered, a description of the service and the total number of hours of services rendered by each professional in each category.

18.    There has been no duplication of services by professionals of Rudnicki. In this Application, Jim Rudnicki was the only professional to render services to the Debtor during this three month time period for fees requested herein.

### E.    Narrative Summary of Services

19.    In the Chapter 11 Case, the Debtor retained Rudnicki to provide the following services: confer with the Debtor to examine and update financial records; review financial records to reconcile Debtor's payroll accounting, reclassify income statement entries and reclassify other transaction data provided by Debtor; correspond with Debtor's bankruptcy counsel discussing work completed on financial records; correspond with Debtor's accountant to obtain additional financial data; adjust Debtor's financial data to correspond with Debtor's accountant's financial compilations; update depreciation schedules provided by Debtor's accountant and prepare pro forma projections to assist the Debtor with drafting the Plan and/or negotiating with the Purchaser to resolve the outstanding debt.

20.    Within the past three months, Rudnicki spent 13.5 hours of professional time on the foregoing services for which Rudnicki is now seeking compensation in the amount of $3,186.00.

21.    Rudnicki respectfully submits that the reimbursement sought herein is reasonable given the nature, extent and value of the services rendered, the quality and skill which the situation required, and the costs of comparable services in other cases under Chapter 11 and that time has been fairly and properly expended. **Moreover, Rudnicki agreed to a twenty percent (20%) discount off of its usual and customary rates.**

22.    No agreement exists between Rudnicki and any third party for the sharing of compensation received by Rudnicki in this case, except as allowed by Section 504 of the

Bankruptcy Code and Rule 2016 of the Bankruptcy Rules with respect to sharing of compensation among members of Rudnicki.

### F.   Expenses

23.   During the period from July 1, 2014 through September 30, 2014, Rudnicki did not incur any expenses.

### G.   Notice

24.   Notice of this Motion, pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, has been given to: (a) the Office of the United States Trustee; (b) the Purchaser; (c) the Credit Union; (d) all creditors; and (e) all other parties who have requested to receive notice of motions in this Chapter 11 Case.   Under the circumstances, the Debtor submits that such notice is sufficient and complies with Rule 2002 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Rudnicki & Associates, LLC respectfully requests that this Court enter an Order:

(A)   Allowing interim compensation to Rudnicki in the amount of $3,186.00 for the period from July 1, 2014 through September 30, 2014;

(B)   Authorizing the Debtor to pay Rudnicki the amount of $3,186.00 upon entry of a court order approving such request;

(C)   Allowing final compensation to Rudnicki in the aggregate amount of $15,824.00 and reimbursement of costs in the amount of $21.94; and

(D)     Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

HERITAGE INTERNATIONAL CHRISTIAN
CHURCH, debtor and debtor in possession


By: /s/ Michelle G. Novick_____ _____
       One of its Attorneys


Michael L. Gesas (# 06186924)
Michelle G. Novick (#06207045)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
Tel:  312.876.7100
Fax: 312.876.0288


111979420.1

8