## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| | ) | |
| HERITAGE INTERNATIONAL | ) | Case No. 13–38553 |
| CHRISTIAN CHURCH, | ) | Hon. Janet S. Baer |
| Debtor. | ) | |
| | ) | **Date:  December 16, 2014** |
| | ) | **Time:  9:30 a.m.** |

## COVERSHEET FOR THIRD AND FINAL FEE APPLICATION OF ARNSTEIN & LEHR LLP FOR COMPENSATION AND REIMBURSEMENT FOR EXPENSES

Name of Applicant:                                 Arnstein & Lehr LLP

Authorized to Provide
Professional Services to:                          Debtor-in-Possession

Date of Order Authorizing                          October 23, 2013, retroactive to
Employment:                                        September 30, 2013

Period for which Compensation                      July 1, 2014
and Reimbursement is Sought:                       through November 24, 2014

Total Amount of Fees as                            $43,919.20
In Third and Final Application Hearing:

Amount of Expense Reimbursement                    $     356.00
Sought:

Final Fees Sought (9/30/13 through                 $114,455.60
11/24/14)

Final Expenses Sought (9/30/13 through             $   2,966.79
11/24/14)

Aggregate Amount of Fees and Expenses              $ 117,422.39
To be paid to Arnstein & Lehr LLP**

Dated:  November 25, 2014

                                                   HERITAGE INTERNATIONAL CHRISTIAN
                                                   CHURCH, debtor and debtor in possession

                                                   By:___/s/ Michelle G. Novick___

**  A&L estimates that there will be additional wrap-up fees to modify the loan documents
and dismiss the Chapter 11 Case, which are not included in this Fee Application.  A&L can
file and circulate a supplement to the Fee Application in advance of the hearing on
December 16, 2014 or, alternatively, request that the Debtor pay the additional fees after
dismissal of the Chapter 11 Case.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| | ) | |
| **HERITAGE INTERNATIONAL** | ) | Case No. 13–38553 |
| **CHRISTIAN CHURCH,** | ) | |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | |
| | ) | Date: December 16, 2014 |
| | ) | Time: 9:30 a.m. |

### NOTICE OF MOTION

To:     See Attached Service List

PLEASE TAKE NOTICE that on **December 16, 2014 at 9:30 a.m.** or as soon thereafter as counsel may be heard, the undersigned will appear before the Honorable Janet S. Baer, Bankruptcy Judge, or such other judge as may be sitting in her stead, in Courtroom 615, 219 South Dearborn Street, Chicago, Illinois and shall then and there present the attached **THIRD AND FINAL FEE APPLICATION OF ARNSTEIN & LEHR LLP FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR**, at which time and place you may appear as you see fit.


Dated:  November 25, 2014            Respectfully submitted,

                                     HERITAGE INTERNATIONAL CHRISTIAN
                                     CHURCH, debtor and debtor in possession


                                     By: /s/ Michelle G. Novick
                                             One of Its Attorneys

Michael L. Gesas, Esq. (ARDC #06186924)
Michelle G. Novick, Esq. (ARDC #06207045)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Telephone: 312.876.7100
Facsimile: 312.876.0288

## CERTIFICATE OF SERVICE

I, Michelle G. Novick, an attorney, certify that I caused a copy of the attached Notice of Motion and Motion to be served on the parties listed on the attached Service List, via regular mail, in addition to those parties receiving notification by participation in the Court's ECF system on November 25, 2014.

/s/ Michelle G. Novick

## SERVICE LIST

ADT Security Services
P.O. Box 371956
Pittsburgh, PA  15250-7956

AT&T
P.O. Box 5080
Carol Stream, IL  60197-5080

Business Machines Agents, Inc.
8170 S. Madison Street
Willowbrook, IL  60527-5854

CM Financial Corporation
P.O. Box 66020
Chicago, IL  60666-0020

City of Chicago
Department of Revenue
333 S. State St., Suite 540
Chicago, IL  60604-3951

ComEd Bill Payment Center
P.O. Box 6111
Carol Stream, IL  60197-6111

Comcast
P.O. Box 3002
Southeastern, PA  19398-3002

Cook County Treasurer
118 N. Clark St., Room 112
Chicago, IL  60602-1590

Direct Energy
P.O. Box 70220
Philadelphia, PA  19176-0220

Evangelical Christian Credit Union
c/o Paul Schmidhauser
955 W. Imperial Highway
P.O. Box 2400
Brea, CA  92822-2400

General Lock
P.O. Box 371967
Pittsburgh, PA  15250-7967

Guardian Insurance
P.O. Box 8012
Appleton, WI  54912-8012

Jeffrey M. Schwartz
Shawn M. Staples
Much Shelist
191 N. Wacker Dr., Ste. 1800
Chicago, IL  60606-1631

People's Gas Light & Coke Co.
P.O. Box 19100
Green Bay, WI  54307-9100

Pitney Bowes
P.O. Box 371874
Pittsburgh, PA  15250-7874

Tyco, LLC
P.O. Box 371967
Pittsburgh, PA  15250-7967

Heritage International Christian
   Church
5312 W. North Avenue
Chicago, IL  60639-4337

Patrick S. Layng
Office of the U.S. Trustee
Region 11
219 S. Dearborn, Room 873
Chicago, IL  60604-2027

City of Chicago-Dept. of Buildings
City Hall
121 N. LaSalle St.-Suite 501
Chicago, IL  60602

Church Mutual – Auto Insurance
P.O. Box 2912
Milwaukee, WI  53201

Church Mutual –
  Property Insurance
P.O. Box 2912
Milwaukee, WI  53201

Prudential Life
P.O. Box 41594
Philadelphia, PA  19176

Razor Planet, Inc.
330 SW 43rd Street, #K-153
Renton, WA  98057

Ira Childs
5316 West North Avenue
Chicago, IL  60639

Ringold Financial Management
850 S. Wabash – Suite 210
Chicago, IL  60605

Pitney Bowes / Purchase Power
P.O. Box 856042
Louisville, KY  40285-6042

Brad  Cummings
5318 W. North Avenue
Chicago, IL  60639

Lynn Lane and Henry Dixon
5308 W. North Avenue
Chicago, IL  60639

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | **Chapter 11 Case** |
| | ) | |
| **HERITAGE INTERNATIONAL** | ) | **Case No. 13–38553** |
| **CHRISTIAN CHURCH,** | ) | |
| | ) | **Hon. Janet S. Baer** |
| Debtor. | ) | |
| | ) | **Date:  December 16, 2014** |
| | ) | **Time:  9:30 a.m.** |

## THIRD AND FINAL FEE APPLICATION OF ARNSTEIN & LEHR LLP FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT FOR EXPENSES AS COUNSEL TO THE DEBTOR

Arnstein & Lehr LLP ("A&L"), bankruptcy counsel for Heritage International Christian Church, debtor and debtor-in-possession (the "Debtor"), pursuant to sections 330 and 331 of title 11, United States Code (the "Bankruptcy Code"), Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Procedures"), Local Rule 5082-1 of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), applies to this Court for an entry of an order: (a) allowing A&L final, aggregate compensation in the amount of $117,422.39 and final expenses in the amount of $2,966.79 for legal services rendered to the Debtor for the period from September 30, 2013 (date of retroactive employment) through November 24, 2014; and (b) authorizing and directing the Debtor to pay the final compensation, allowed in this third fee application in the amount of $43,919.20 and expenses in the amount of $356.00 to A&L upon entry of a court order approving same.  In support thereof, A&L states respectfully as follows:

### A.    Background

1.    On September 30, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing this case (the "Chapter 11 Case").  The Debtor remains in possession of its property and continues to have the rights,

powers and duties of a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case.

2. Founded in 2003, the Debtor is a religious and spiritual organization offering church services for its members and providing educational and community outreach programs from its main worship location at 5312 W. North Ave in Chicago, Illinois.

3. Led by Pastor Dwight Gunn ("Pastor Gunn"), the Debtor's Christian worship services today have a following of approximately 250 active adult members and 50 children. It is truly an international organization, with ministry partners in Kenya, South Africa, and India. In addition, the Debtor provides programs for Christian education, medical care, health awareness, economic development in the local community, hospice, addiction recovery and food distribution to the needy.

4. The Debtor owns mixed use property at 5308, 5316 and 5318 W. North Avenue and the main sanctuary, chapel and fellowship hall located at 5312 and 5320-24 W. North Avenue (collectively, the "Property"). The Property is comprised of five buildings, located near the intersection of W. North Avenue and N. Lorel Avenue in Chicago, Cook County, Illinois.

5. The Debtor's revenue is based largely upon rental income and donations provided from its parishioners.

6. A default on an outstanding loan precipitated this bankruptcy filing. The Debtor made payments timely to the Evangelical Christian Credit Union (the "Credit Union") for a loan secured by the Property. Despite making all monthly payments under the loan documents, the Debtor was unable to make the final balloon payment on the loan to the Credit Union resulting in litigation in the Circuit Court of Cook County and a scheduled foreclosure sale for October 1,

2

2013 (the "Foreclosure Sale"). The Chapter 11 Case was filed the day before the Foreclosure Sale.

7.    Since the Chapter 11 filing, the Debtor organized and accurately input all accounting and financial information to make available to its creditors, including providing the Credit Union with all requested financial information. Prior to the Chapter 11 Case, the Debtor was relying upon volunteers to input its financial data. The Debtor has filed Bankruptcy Schedules and Statement of Financial Affairs timely, maintained its operating reports and has been able to timely pay its bills.

8.    On or about June 13, 2014, the Credit Union transferred its interest in the loan (the "Loan"), secured by the Property, to Greenwich Investors XLVI Trust 2013-1 (the "Purchaser"). The Loan is being serviced by PrinsBank located in Prinsburg, Minnesota. On August 18, 2014, the Purchaser filed a claim in the Chapter 11 Case in the amount of $2,177,762.34.

9.    A remaining unsecured promissory note, which the Debtor executed with the Credit Union on February 15, 2010, was not sold to the Purchaser and there remains a debt due and owing to the Credit Union. On August 20, 2014, the Credit Union filed a proof of claim asserting a general unsecured claim in the amount of $35,999.46.

10.    The Debtor reached an agreement with the Purchaser to modify the loan documents, settle the claims of the Purchaser and the Credit Union, the only two creditors in the Chapter 11 Case, and dismiss the Chapter 11 Case.

11.    In connection with negotiating the agreement, which is detailed in Debtor's Motion for Entry of an Order Approving the Proposed Settlement with Greenwich Investors XLVI Trust 2013-1 and the Evangelical Christian Credit Union and Dismissing the Debtor's

3

Chapter 11 Case to be filed and heard simultaneously with this Fee Application (the "Motion to Dismiss"), the Debtor updated its financial records, formulated projections and disclosed information with its creditors in an attempt to reach an agreement with the Purchaser or, alternatively, if necessary, draft a plan of reorganization to be filed with the Bankruptcy Court.

12.     The efforts of Debtor and its counsel, A&L, allowed the Debtor to reorganize its business and financial affairs, continue to serve its members and the local community, prevent foreclosure of the Property, and reach an agreement to modify the outstanding debt and preserve the church as a going concern.

### B.     Employment of Arnstein & Lehr

13.     On October 23, 2013, this Court entered an order authorizing the Debtor to retain and employ A&L as counsel to the Debtor, *nunc pro tunc* to September 23, 2013 [Doc. No. 32].

14.     On March 17, 2014, A&L obtained approval of its first interim fee application allowing interim compensation to A&L in the amount of $38,644.00 and reimbursement of expenses in the amount of $1,965.50 [Doc. No. 59].   On August 25, 2014, the Bankruptcy Court entered a second order allowing interim compensation to A&L in the amount of $31,892.40 and expenses in the amount of $645.29 during that same time period [Docket No. 82].  Upon filing this third and final application for fees, A&L is now requesting the remaining amount of $43,919.20 be paid for its work for the period from July 1, 2014 through November 24, 2014 and expenses in the amount of $356.00.

### C.     Final Fee Application

Prior to the Petition Date, A&L received a retainer from the Debtor. The amount of the retainer was $50,000.00, which was consumed by the allowed fees granted by this Court in the First and Second Fee Applications.   Any amounts requested in this Third and Final Fee

Application will need to be paid by the Debtor from its operating income.  A&L estimates that there will be approximately twenty (20) hours of additional time to revise and file the Modified Loan Documents, circulate and execute the Modified Loan Documents, finalize and execute the settlement with the Credit Union, finalize and file the Motion to Dismiss and appear at the hearing and obtain the Dismissal Order.  A&L can file a supplement to this Fee Application in advance of the hearing or, alternatively, request that the Debtor pay the additional fees after the dismissal of the Chapter 11 Case.

### D.    Itemization and Categories of Services

15.    The professional services rendered by A&L to the Debtor during the period from July 1, 2014 through November 24, 2014 are reflected on the billing statements attached hereto an incorporated herein as **Exhibit A.** The billing statements sets forth the name of each professional rendering a service, the amount of time expended rendering each service, the date on which the service was rendered, a description of the service and the total number of hours of services rendered by each professional in each category.

16.    The services rendered by A&L for the period from July 1, 2014 through November 24, 2014 have been segregated into fifteen  (15) categories as follows: (1) Expenses; (2) Case Administration; (3) Schedules/Statement of Affairs; (4) Employment of Professionals; (5) Financing; (6) Sale of Assets; (7) Relief From Stay Issues; (8) Meeting of Creditors; (9) Plan/Disclosure Statement; (10) Claims Administration/Creditors Issues; (11) Fee Applications; (12) Tax Issues; (13) Litigation; (14) Property Tax Exemption; and (15) Eviction.  For this Application, A&L is not seeking reimbursement for fees in all fifteen categories – only the ones identified below.  The aggregate amount of fees sought by A&L for each of the aforesaid billing categories is summarized as follows:

| Category | Fees |
|---|---|
| Expenses | $356.00 |
| Case Administration | $10,796.80 |
| Financing | $7,148.00 |
| Plan/Disclosure Statement | $11,256.40 |
| Fee Applications | $7,292.40 |
| Tax Issues | $5,283.20 |
| Property Tax Exemption | $2,142.40 |
| **TOTAL FEES AND EXPENSES:** | **44,275.20** |

17.     The time expended by each billing professional is set forth and summarized as follows:

| Attorney / Professional | Specialty | Hours | Hourly Rate | Total Fees |
|---|---|---|---|---|
| Becky L. Sutton (BLS) | Bankruptcy Paralegal | 2.2 | $200.00 | $440.00 |
| Michelle G. Novick (MGN) | Bankruptcy | 91.3 | $412.00 | $37,615.60 |
| Michael L. Gesas (MLG) | Bankruptcy | 1.9 | $536.00 | $1,018.40 |
| Michael A. Jacobson (MAJ) | Litigation | 2.1 | $224.00 | $470.40 |
| Robert Taylor (RJT) | Real Estate | 6.7 | $372.00 | $2,492.40 |
| David C. Dunkin (DCD) | Real Estate Tax | 1.0 | $508.00 | $508.00 |
| Patrick G. Gibson (PGG) | Tax Paralegal | 5.3 | $248.00 | $1,314.40 |

The hourly rates listed above are customary and reasonable and are the same hourly rates charged to A&L's non-bankruptcy clients for various other matters. **A&L agreed to a twenty percent (20%) discount off of its usual and customary rates.**

18.     There has been no duplication of services, either by partners or associates of A&L.  When two or more attorneys participated in any activity, such joint participation was necessary as a result of either the complexity of the problems involved or the need to familiarize

each attorney with the matters at issue so that each attorney could perform further necessary work.

E.   **Narrative Summary of Services**

19.    During the period from July 1, 2014 through November 24, 2014, A&L rendered services to the Debtor as follows: enable the Debtor organize and bring up-to-date all of its financial and accounting information, file monthly operating reports, provide the Credit Union and the Purchaser with all requested financial information of the Debtor, timely pay utility bills, handle administrative matters, file property tax exemption appeals, obtain exemptions of property taxes for religious purposes,  work with the Debtor, its accountant and financial advisor to develop pro forma projections in order to negotiate a resolution of the debt with the two creditors that filed claims in the Chapter 11 Case, the Purchaser and the Credit Union, revise and modify the loan documents with the Purchaser and document the settlement and dismiss the Chapter 11 Case.

20.    The services rendered by A&L during the period from July 1, 2014, through November 24, 2014 are further summarized as follows:

> **General Case Administration**: This category includes all general chapter 11 services provided to the Debtor and any other services, which cannot be more specifically categorized. These services include, but are not limited to, the following:  allowing the Debtor to operate in Chapter 11, file monthly operating reports, submit corporate and financial information to the Debtor's creditors in the Chapter 11 Case, negotiate a settlement with the creditors of this estate and seek to dismiss the Chapter 11 Case.

| Case Administration | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| MGN | Partner | 23.2 | $9,558.40 |
| MLG | Partner | .5 | $268.00 |
| MAJ | Associate | 2.1 | $470.40 |
| BLS | Paralegal | 2.2 | $440.00 |

7

| | | 28.0 | $10,796.80 |
|---|---|---|---|
| Total | | | |

**Financing:** This category includes the following: conferences with J. Rudnicki and Pastor Gunn regarding information needed for possible refinancing and pro forma projections; conferences with counsel for Credit Union and the Purchaser regarding payoff on outstanding loan and settlement of claims; correspond with counsel for the Purchaser and the Credit Union regarding resolution of the outstanding debt, documenting settlement and modifying loan documents.

| Financing | | | |
|---|---|---|---|
| Professional | Position | Hours | Compensation Sought |
| MGN | Partner | 11.3 | $4,655.60 |
| RJT | Partner | 6.7 | $2,492.40 |
| Total | | | $7,148.00 |

**Plan/Disclosure Statement:** This category includes reviewing the deadline for the exclusivity period and drafting motion to extend exclusivity period while allowing time to negotiate a resolution of the Debtor's secured debt; drafting plan and disclosure statement and disclosure statement awaiting possible settlement with two creditors and agreement to dismiss the Chapter 11 Case.

| Plan/Disclosure Statement | | | |
|---|---|---|---|
| Professional | Position | Hours | Compensation Sought |
| MGN | Partner | 25.5 | $10,506.00 |
| MLG | Partner | 1.4 | $750.40 |
| Total | | | $11,256.40 |

**Fee Applications:** This category includes preparation of billing statements for second fee application for Rudnicki & Associates and A&L and third and final fee applications for the financial advisor, Rudnicki & Associates, the accountant, Ringold Financial Management and counsel for the Debtor, A&L.

| Fee Application | | | |
|---|---|---|---|
| Professional | Position | Hours | Compensation Sought |
| MGN | Partner | 17.7 | $7,292.40 |

8

| Total | | | $7,292.40 |
|-------|--|--|----------:|

**Property Tax Issues**: This category includes analyzing current real estate tax situation, paying real estate taxes, determining amounts to be reimbursed and advising counsel for the Purchaser of status of real estate taxes paid and owning on the Property and its respective parcels.

| Property Tax Issues | | | |
|---------------------|----------|-------|-----------------------|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| MGN | Partner | 8.4 | $3,460.80 |
| DCD | Partner | 1.0 | $508.00 |
| PGG | Real Estate Tax Paralegal | 5.3 | $1,314.40 |
| **Total** | | | **$5,283.20** |

**Property Tax Exemption**: This category includes filing and receiving property tax exemptions for the Property used strictly for religious purposes.

| Property Tax Exemption | | | |
|------------------------|----------|-------|-----------------------|
| **Professional** | **Position** | **Hours** | **Compensation Sought** |
| MGN | Partner | 5.2 | $2,142.40 |
| **Total** | | | **$2,142.40** |

21.    A&L respectfully submits that the fees and expense reimbursement sought herein are reasonable given the nature, extent and value of the services rendered, the quality and skill which the situation required, and the costs of comparable services in other cases under Chapter 11, and that time has been fairly and properly expended

22.    No agreement exists between A&L and any third party for the sharing of compensation received by A&L in this case, except as allowed by Section 504 of the Bankruptcy

9

Code and Rule 2016 of the Bankruptcy Rules with respect to sharing of compensation among members of A&L.

### F.      Expenses

23.    During the period from July 1, 2014 through November 24, 2014, A&L incurred expenses connection with its services consisting of *inter alia* reimbursement for petty cash, cab fares and photocopy charges in the amount of $356.00, which it seeks reimbursement herein.

### G.      Notice

24.    Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) the Purchaser; (c) the Credit Union; (d) all creditors and (e) all other parties who have requested to receive notice of motions in this Chapter 11 Case.  Under the circumstances, the Debtor submits that such notice is sufficient and complies with Rule 2002 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Arnstein & Lehr LLP respectfully requests that this Court enter an Order:

(A)    Allowing interim compensation to Arnstein & Lehr LLP in the amount of $43,919.20 for the period from July 1, 2014 through November 24, 2014;

(B)    Allowing interim expenses to Arnstein & Lehr LLP in the amount of $356.00 for the period from July 1, 2014 through November 24, 2014;

(C)    Authorizing and directing the Debtor to pay Arnstein & Lehr LLP the aggregate amount of $44,275.20 upon entry of a court order approving such request;

(D)    Allowing final compensation to Arnstein & Lehr in the aggregate amount of $114,455.60 and final expenses in the amount of $2,966.79; and

10

(D)     Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

HERITAGE INTERNATIONAL CHRISTIAN
CHURCH, debtor and debtor in possession


By: /s/ Michelle G. Novick
    One of Its Attorneys


Michael L. Gesas (# 06186924)
Michelle G. Novick (#06207045)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
Tel:  312.876.7100
Fax: 312.876.0288

112021090.1